
No. 48,292

STATE OF KANSAS, *Appellee*, v. PASCUAL F. VILLA and VINCENT VILLA, *Appellants*.

(561 P. 2d 428)

Opinion filed March 5, 1977.

*James W. Wilson*, of Wichita, argued the cause and was on the brief for appellant, Pascual F. Villa.

*James D. Hopper*, of Wichita, argued the cause and was on the brief for appellant, Vincent Villa.

*Stephen E. Robison*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Vern Miller*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Pascual F. Villa and Vincent Villa were jointly charged and tried. They were convicted by a jury of first degree murder (K. S. A. 21-3401) and aggravated robbery (K. S. A. 21-3427). They appeal. In separate briefs they raise two identical points. An examination of the two points will dispose of their appeals without separate treatment. The first point concerns the admission of two photographs of the victim into evidence. The second point relates to the admission of handwritten notes into evidence. These notes were made by a detective during the investigation of Pascual F. Villa.

The appellants do not question the sufficiency of the evidence to

support the convictions so a brief recitation of the background facts will suffice.

King Mercer, the owner of Bunny's Drive-In in Wichita, was found dead in the driveway to his home shortly before midnight on July 16, 1974. He had closed his business establishment and had returned home with the day's receipts. The pathologist who performed an autopsy testified that Mercer had suffered deep lacerations on his head and two bullet wounds, one in his head and one in his chest. From the trajectory of the bullet it appeared that the death wound in the victim's chest was inflicted while the victim was lying on his back in the driveway.

The three that participated in these crimes admitted their presence at or near the scene when the crimes were committed. The participants were Pascual F. Villa, Vincent Villa and Clifford Savala. The three participants were arrested early the next morning at the home of Vincent. Coins, currency, a box, a coin tray from a cash register, papers, meal order tickets, receipts, letters and guest checks from Bunny's Drive-In were recovered from the house where the three were arrested. The gun used in committing the crime was recovered from under a mattress in the Pascual Villa residence which was located next door to Vincent's house. Vincent signed a written confession. Pascual made an oral statement. Clifford Savala testified for the state at the trial. At the trial Pascual and Vincent accused Clifford of planning and committing the crimes. Clifford accused Pascual and Vincent of committing the crimes.

The two photographs, which are the subject matter of the first point raised by appellants, are in black and white. They show the naked body of the victim from the waist up. The head lacerations and the bullet wounds are apparent in these pictures. The body was not otherwise damaged. The pictures were used by the pathologist in his testimony as to the cause of death. The appellants claim these two pictures were improperly admitted for the inflammatory purpose of presenting the face of the dead man to the jury.

These pictures are not similar to those which warranted a reversal in *State v. Clark*, 218 Kan. 18, 542 P. 2d 291, or in *State v. Boyd*, 216 Kan. 373, 532 P. 2d 1064.

In *State v. Wilson*, 220 Kan. 341, 552 P. 2d 931, it is held:

"In a crime of violence which results in death, photographs which serve to illustrate the nature and extent of the wounds inflicted are admissible when they corroborate the testimony of witnesses or are relevant to testimony of a doctor as to the cause of death even though they may appear gruesome." (Syl. 5.)

Similar holdings may be found in *State v. Campbell*, 210 Kan. 265, 500 P. 2d 21, *State v. Randol*, 212 Kan. 461, 513 P. 2d 248, and *State v. Jones*, 218 Kan. 720, 545 P. 2d 323. The admission of these two pictures was entirely proper. The pictures serve to illustrate the nature and extent of the wounds inflicted. They corroborate the testimony of witnesses. They were relevant to testimony of the pathologist on the cause of death. They were relevant and admissible for any one of these three reasons.

We turn to the second and final point. This is the alleged error in admitting in evidence written notes made by Detective Oakley during his interrogation of Pascual Villa. The notes covered the substance of the oral statements made by Pascual. Detective Oakley testified at length during the trial concerning what was said by Pascual. At the close of Oakley's testimony the written notes, which were largely duplicative of Oakley's testimony, were offered by the state and admitted into evidence over the following objection by defense counsel:

"I object to it, Your Honor, for the reason the defendant didn't sign it and these were merely his [Detective Oakley's] notes and his writing. I object to it."

The written notes purport to be made by Pascual, admitting his participation in these crimes. The notes were written by Detective Oakley. They were duplicative of the oral testimony of the detective and were repetitious. The written notes on proper objection should have been excluded but in view of the attending facts and circumstances their admission did not constitute reversible error.

K. S. A. 60-404 states:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and *so stated as to make clear the specific ground of objection.*" (Emphasis supplied.)

This statute, as it applies here, was discussed in *State v. Patchett*, 203 Kan. 642, 455 P. 2d 580:

"The previously established practice in this state is restated in K. S. A. 60-404 which provides in substance that no verdict shall be set aside or judgment based thereon be reversed because of erroneously admitted evidence unless the record reveals an objection timely interposed and *so stated as to make clear the specific ground* of objection. See also *State v. Jolly*, 196 Kan. 56, 410 P. 2d 267.

. . . . . . . . . . . . .

"The specification of an objection to evidence on one ground waives or estops the objector from making an objection on any other ground. [Citations omitted.]" (p. 645.)

As to the admission of the written notes the appellants lodge an entirely different attack on appeal from that made during the trial. Here their attack is based on K. S. A. 22-3212, which statute permits discovery and inspection in criminal proceedings. Subsection (7) of the statute provides sanctions for failure of the prosecution to comply with a discovery order and reads:

". . . If at any time during the course of the proceedings *it is brought to the attention of the court* that a party has failed to comply with this section or with an order issued pursuant to this section, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances." (Emphasis supplied.)

Under this section the court is vested with wide discretion as to the course to pursue when a discovery order is not complied with. (*State v. Hollaway,* 214 Kan. 636, 638, 522 P. 2d 364.) Under this statute a failure to disclose, while not to be condoned, does not warrant an automatic mistrial and does not require the evidence to be automatically excluded. The necessity of making clear the specific ground of an objection is especially apparent in the present situation. The function of an objection is to bring the matter complained of to the attention of the court for appropriate attention and action.

In this case a general discovery order was sought and obtained from a magistrate judge prior to the preliminary hearing. At the preliminary hearing Detective Oakley testified fully as to the oral confession of Pascual Villa, so the appellants were fully advised of the contents of the written notes. When the appellants were bound over to the district court for trial the presiding district judge had no personal knowledge of the prior discovery order issued by the magistrate. The district court could not be expected to act on the discovery order when the appellants failed to bring it to the court's attention.

When the prosecution is charged with having failed to comply with a discovery order the sanctions to be imposed under K. S A. 22-3212 (7) must be left to the discretion of the trial court. The sanctions may range from an allowance of an inspection to an absolute exclusion of the materials from evidence. Factors to be considered by the trial court in imposing a proper sanction include: surprise to the defense as to the contents (*State v. Jones,* 209 Kan. 526, 498 P. 2d 65); absence of a request to inspect the materials (*State v. Sullivan & Smith,* 210 Kan. 842, 504 P. 2d 190); the amount

of other evidence bearing on guilt (*State v. Morin,* 217 Kan. 646, 653, 538 P. 2d 684); and prejudice, if any, to the defense (*State v. Johnson,* 219 Kan. 847, Syl. 1, 549 P. 2d 1370).

Here the appellants do not claim surprise. The content of the written notes was disclosed in the testimony of the oral confession introduced at the preliminary hearing. There was no request for an inspection or a continuance. There is overwhelming evidence in the record bearing on guilt, which includes the written confession of Vincent Villa and the oral confession of Clifford Savala. There is no prejudice to the defense shown.

The case of *United States v. Padrone,* 406 F. 2d 560 (2nd Cir. 1969), cited by the appellants, has been examined and it is not persuasive under the facts of our present case. Other federal cases examined on this point are either distinguishable on the facts or do not support appellants' position. (See *United States v. Johnson,* 525 F. 2d 999 [2nd Cir. 1975]; *United States v. Lewis,* 511 F. 2d 798 [D. C. Cir. 1975]; and *United States v. Arcentales,* 532 F. 2d 1046 [5th Cir. 1976].)

Error cannot be predicated on the refusal of a trial court to exclude from evidence materials which the prosecution may have failed to disclose under K. S. A. 22-3212 unless the record on appeal discloses that the matter complained of was brought to the attention of the trial court for a ruling and for determination of an appropriate sanction under the statute. An objection to evidence on one ground is not sufficient to raise objection on another ground when the particular objection assigned is not apt. The trial court will not be put in error in such event, even though the evidence may have been subject to other objections. The function of an objection is to bring the matter complained of to the attention of the court for an appropriate ruling, to warn the adverse party and to lay a proper foundation for examination of the ruling on appeal. It is apparent that this was not done in the present case and reversible error cannot be predicated thereon.

The two points raised by the appellants have been disposed of and the convictions of Pascual F. Villa and Vincent Villa are affirmed.