(636 P.2d 208)
No. 52,287
No. 52,323

STATE OF KANSAS, *Appellee,* v. JAMES E. ANTWINE AND MITCHELL McHENRY, *Appellants.*

Petition for review denied January 21, 1982.

Opinion filed November 25, 1981.

*Patrick Nichols,* of Topeka, for appellant.

*C. William Ossmann,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Gene M. Olander,* district attorney, for appellee.

Before JUSTICE HOLMES, presiding, MEYER, J., and HARRY G. MILLER, District Judge Retired, assigned.

HOLMES, J.: James E. Antwine and Mitchell McHenry each appeal from a conviction by a jury of one count of felony theft (K.S.A. 1980 Supp. 21-3701). The appeals have been consolidated for hearing and determination before this court. This is the second time these appellants have been before this court as a

result of their activities in Topeka on September 24, 1978. See *State v. Antwine,* 4 Kan. App. 2d 389, 607 P.2d 519 (1980). In the prior case the appellants were charged with multiple counts of aggravated robbery and each was convicted of one count of robbery. On appeal the convictions were reversed for failure of the trial court to instruct the jury on the lesser included offense of theft. Upon retrial each defendant was convicted of felony theft.

While the facts as developed in the second trial deviated somewhat from those at the first trial, we do not deem it necessary to recite the factual situation at length. The basic facts are set forth in *State v. Antwine,* 4 Kan. App. 2d 389, and will not be repeated here.

Suffice it to say the major point in this appeal is that the prosecuting attorney delivered certain items of physical evidence taken from the defendants including money, jewelry and watches, to the theft victims without notice to the defendants or their counsel and without benefit of any court order. Defendants allege that some of such property belonged to them and was wrongfully given to the purported victims and further complain they were prejudicially deprived of access to property seized by the police, which may have included possible exculpatory evidence. As a result they seek a reversal of their convictions and a dismissal of the charges against them.

At the outset the appellants devote much of their brief to their complaint that some of the property turned over to the alleged victims was the personal property of the defendants. Be that as it may, if the prosecution released personal property of the appellants to another, then appellants' recourse is by way of a civil action to recover the property or its value. Such an erroneous delivery of the defendants' property would not, ipso facto, constitute grounds for reversal of their convictions.

The prosecution does not deny that the items seized upon the arrest of the defendants were returned to one of the victims for the purpose of distribution to the rightful owners. The property was released by the prosecution after the preliminary hearing and without notice to the defendants. Appellants contend that as value, ownership and identity of the stolen property are necessary elements for a conviction of felony theft, the availability of the physical evidence might have been beneficial to their defense and may also have been useful in discrediting the testimony of the

witnesses for the prosecution. Appellants contend their constitutional rights were violated and that the disposition of the property was in violation of K.S.A. 1980 Supp. 22-2512, and deprived appellants of their rights under K.S.A. 22-3212.

K.S.A. 1980 Supp. 22-2512 provides in part:

"Property seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same unless otherwise directed by the magistrate, and shall be so kept as long as necessary for the purpose of being produced as evidence on any trial. The property seized may not be taken from the officer having it in custody so long as it is or may be required as evidence in any trial. . . . Where seized property is no longer required as evidence in the prosecution of any indictment or information the court which has jurisdiction of such property may transfer the same to the jurisdiction of any other court, including courts of another state or federal courts, where it is shown to the satisfaction of the court that such property is required as evidence in any prosecution in such other court. When property seized is no longer required as evidence, it shall be disposed of as follows: (1) Property stolen, embezzled, obtained by false pretenses, or otherwise obtained unlawfully from the rightful owner thereof shall be restored to the owner."

K.S.A. 22-3212 provides in part:

"(2) Upon motion of a defendant the court may order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies, or portions thereof, which are or have been within the possession, custody or control of the prosecution upon a showing of materiality to the case and that the request is reasonable."

On May 5, 1980, the defendants filed a motion to compel the production, inspection and testing of personal property seized by the police during their investigation. The State was unable to comply in that some of the property in question had been released by the prosecutor following the preliminary hearing. It is the position of the State that the prosecutor has unbridled discretion in the determination of what property, if any, is to be held for use as physical evidence during the trial. While it is true that the prosecuting attorney is the one charged with the duty of prosecuting criminal cases (K.S.A. 22a-104) and has wide discretion in connection therewith, there are certain limitations upon the State. For example the prosecution has an affirmative duty, independent of court order, to disclose clearly exculpatory evidence to a criminal defendant. *State v. Kelly,* 216 Kan. 31, 531 P.2d 60 (1975). In addition, the court has wide discretion to impose sanctions for failure to comply with discovery orders and may prohibit the party who fails to comply with such an order from

introducing evidence on matters not disclosed. K.S.A. 22-3212(7); *State v. Villa & Villa,* 221 Kan. 653, 561 P.2d 428 (1977); *State v. Wilkins,* 220 Kan. 735, 556 P.2d 424 (1976).

The appellants seek a reversal of the convictions and a discharge of the charges against them based upon their contention that the prosecution wrongfully disposed of physical evidence which might have been beneficial to them in their defense. Whether such items of physical evidence could have benefited the defense will never be known. Appellants have made several hypothetical arguments based upon possible use of such property which, if proved, might have been of some benefit to them. However, we think the relief requested is extreme under the circumstances, although the State must exercise some restraint in its disposition of physical evidence which belongs to victims of the crime or persons other than an accused when such evidence may be relevant to the defense of the accused.

On the other hand, the plight of the victims and owners of physical evidence must also be given due consideration. It is tragedy enough that a person has been deprived of his property through some criminal act of another without such loss being compounded by any unnecessary delay in returning the property to its rightful owner. It is the duty of the prosecution and the court to see that a person criminally deprived of property has it restored to him, if possible, at the earliest opportunity consistent with the protection of the rights of both the State and the defendant.

The legislature, through the enactment of K.S.A. 1980 Supp. 60-472 in 1979, recognized the problem and has provided a method whereby the rightful owners of property wrongfully taken in a crime may have the property restored to them promptly and without the necessity of waiting months or years for a final determination of the resultant criminal prosecution.

How, then, do we protect the conflicting interests of the victims of the crime, the State and the accused?

In *State v. Gunzelman,* 200 Kan. 12, 434 P.2d 543 (1967), the defendant pled guilty to the offense of attempting to bribe a district judge. After being granted probation Gunzelman filed a motion seeking the return of the bribery money being held by the Wichita Police Department. The motion was sustained and the State appealed the ruling of the district court. The case arose prior

to the enactment of K.S.A. 1965 Supp. 62-1834, the predecessor to K.S.A. 22-2512, and at a time when we had no statute pertaining to the disposition of property being held as evidence. Our Supreme Court stated:

"While the matter of disposing of property taken or detained as evidence in a criminal case is governed by statute in most states, there is authority that even where there is no statute, the court before which the action was brought, or is pending, has inherent power to direct that such property be returned to the owner, delivered up to his order, or otherwise disposed of when it is no longer required for the purposes of justice. (Citations omitted.) It has been held that property or money lawfully in the hands of law enforcement officials for use as evidence in a criminal proceeding is regarded as being in *custodia legis* (citations omitted) and subject to the court's order as to disposition thereof in the same proceeding, rather than in a separate action (citations omitted)."

For a comprehensive discussion of the actions a trial court may take when the State has lost, misplaced or otherwise fails to produce discoverable evidence, see *State v. Wilkins,* 220 Kan. 735, 556 P.2d 424 (1976), and cases cited therein.

It is apparent in this case that the State failed to comply with the safeguards and procedure set forth in K.S.A. 1980 Supp. 22-2512. We do not agree with the position of the State that the prosecutor has absolute and unfettered discretion as to what evidence will be retained for trial, although the prosecution does have the discretion to determine what evidence will be used by the State in the prosecution of the case. When the State has in its possession property belonging to another which might be beneficial to an accused who has been charged with a crime involving such property, the same should not be released by the State until notice of an intent to release the property has been given to the accused or his attorney and the release thereof approved by the court having jurisdiction of the action. The defendant in such a case has the right to object and show cause why the property should not be released from *custodia legis.*

These defendants were originally charged with multiple counts of aggravated robbery and the prosecution simply failed to recognize that the physical evidence released might be utilized by the defense in a subsequent prosecution for theft. No bad faith on the part of the prosecution is shown and considering all of the evidence as contained in the record, no clear prejudice to the appellants is shown. In *State v. Quinn,* 219 Kan. 831, 549 P.2d 1000 (1976), the Supreme Court considered various situations

wherein the State failed to disclose to the defendant certain exculpatory evidence. In that case, the court found the failure of the State was not deliberate or in bad faith. The Supreme Court in quoting from *State v. Kelly,* 216 Kan. 31, 36, said:

" 'The rule to be applied in this "oversight" classification of cases may be stated as follows: When the withholding of evidence by the prosecution is not deliberate and in bad faith and when the prosecution has not refused to honor a request for the evidence made at a proper stage of the proceedings, the defendant should be granted a new trial only if the record establishes: (1) that evidence was withheld or suppressed by the prosecution, (2) that the evidence withheld was clearly exculpatory, and (3) that the exculpatory evidence withheld was so material that the withholding of the same from the jury was clearly prejudicial to the defendant.' " p. 836.

While the release of the property in this case was not an "oversight" by the prosecution, as contemplated in *Kelly,* the rationale of *Kelly* and *Quinn* would seem to be appropriate. In the absence of a showing that the returned items were clearly exculpatory or that defendants were clearly prejudiced by the failure to have access to the property, the good faith release by the prosecution of property seized in a criminal investigation to the owners thereof does not warrant a reversal of the convictions or a dismissal of the charges against the defendants.

We also wish to emphasize that the requirements of notice to the defendant with an opportunity to object to the disposal of property and subsequent approval by the court before physical evidence, which may be reasonably calculated to be of benefit to the defendant, may be released applies only when the defendant is in custody, is represented by counsel or is otherwise available for service of notice, and shall not limit the discretion of the prosecution or other proper officers in returning property to the rightful owner when the accused has not been apprehended and charged or is unavailable for notice.

We have carefully considered all points raised by the appellants and based upon the entire record in this case, find no grounds for reversal of the convictions.

The judgments are affirmed.