(933 P.2d 793)
No. 75,658

C.M. SHOWROOM, INC., d/b/a THE HOME CENTER, *Appellant*, v. LLOYD BOES; ANN BOES; and JON KENT SCOTT, d/b/a TRADER'S PAWN SHOP & ARMORY, *Appellees*.

Opinion filed March 7, 1997.

*Ward Loyd*, of Ward Loyd Law Offices, L.L.C., of Garden City, for appellant.

*David O. Alegria*, of McCullough, Wareheim & LaBunker, P.A., of Topeka, for appellee Jon Kent Scott, d/b/a Trader's Pawn Shop & Armory.

Before BRAZIL, C.J., ELLIOTT and GERNON, JJ.

GERNON, J.: C.M. Showroom, Inc., d/b/a The Home Center (Home Center) appeals the district court's order which denied its request for attorney fees against defendant Jon Kent Scott, d/b/a Trader's Pawn Shop & Armory (Trader's).

The Home Center is in the business of leasing personal property. The focus of this lawsuit is a Panasonic camcorder which was leased to Lloyd Boes. The lease agreement specifically provided that Boes had " 'no right to sell, pawn, transfer, assign, sublease or in any way encumber the leased property.' " Boes defaulted on the lease, at which time the Home Center declared the lease terminated and demanded that Boes return the equipment.

The camcorder could not be returned because it had been pawned to Trader's by someone named Michael Barry. Everyone agrees that Michael Barry had no ownership interest in the camcorder, that the Home Center did not consent to the pawning of the camcorder, and, further, that Trader's had accepted the pawned equipment without knowledge of Barry's lack of ownership.

The Home Center learned of the pawn and sent an agent to Trader's in an attempt to collect the camcorder and attachments. The Home Center showed Trader's a copy of the lease agreement reflecting its ownership of the camcorder and the pawn tickets and demanded the return of the camcorder. Trader's refused to return the camcorder, citing a paramount obligation to the pledgor. Trader's offered, however, to return the camcorder if the Home Center paid Trader's the balance of the loan represented by the pawn.

The Home Center brought an action against Boes, his ex-wife, and Trader's, seeking damages and an order of replevin for the camcorder. Trader's answered that it had possession of the property, denied the Home Center's claim of ownership, and alleged that it had superior rights of possession during the redemption period of the loan underlying the pawn.

Eventually, the district court ruled that the Home Center was entitled to the camcorder and granted judgment against Boes for the balance of the lease payments. The court entered a judgment against Boes and Trader's, jointly and severally, for the costs of the action. The sole remaining issue was whether the Home Center was entitled to recover its attorney fees from Trader's pursuant to K.S.A. 16-720(b). The district court found that K.S.A. 16-714 controlled the outcome, that K.S.A. 16-714 required Trader's to retain possession for a 2-month redemption period, and, further, that the withholding of the camcorder under the court's interpretation of the statute was not wrongful. The district court, therefore, denied attorney fees. The Home Center appeals that decision.

The Home Center first contends that the district court's findings are not supported by substantial evidence.

This case was tried on stipulated facts which set forth only one reason for Trader's refusal to return the equipment to the Home Center upon its demand—that reason being that Trader's claimed it had a paramount statutory obligation to the pledgor.

When a stipulation of facts is agreed to by the parties, a trial court can render only such judgment as those facts warranted. *Wentz Equip. Co. v. Missouri Pacific R.R. Co.*, 9 Kan. App. 2d 141, 142, 673 P.2d 1193 (1983), *rev. denied* 235 Kan. 1042 (1984). Likewise, parties are bound by stipulations made by them or their attorneys unless those stipulations are withdrawn by the court. *Bourne v. Atchison, T. & S. F. Rly. Co.*, 209 Kan. 511, 517, 497 P.2d 110 (1972).

The district court's finding that the replevin order was issued because the Home Center failed to prove to Trader's that it was the rightful owner of the equipment is not supported by substantial competent evidence.

In denying the Home Center's request for attorney fees under K.S.A. 16-720(b), the district court ruled that Trader's was obligated under K.S.A. 16-714 to retain the property until the expiration of the statutory redemption period and that any failure to do so would subject Trader's to possible criminal penalties under K.S.A. 16-721. The court found that "a refusal of the Defendant pawnbroker to voluntarily deliver possession of the camcorder to

the Plaintiff during the period of redemption, when the plaintiff was not a holder of the loan contract, cannot be considered to be a wrongful withholding."

The Home Center contends that the district court improperly interpreted K.S.A. 16-714 to control over the terms of K.S.A. 16-720(b). The Home Center contends that, in fact, K.S.A. 16-720(b) is more specific and controls over the provisions of K.S.A. 16-714.

Trader's contends that this court does not need to reach the statutory interpretation issue. Trader's argues that the issue is moot because the district court held that it acted in good faith regardless of the interpretation of the statute. "An appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned." *Shanks v. Nelson,* 258 Kan. 688, Syl. ¶ 3, 907 P.2d 882 (1995).

The court also found that Trader's refusal was valid under K.S.A. 16-714 because the Home Center "was not a holder of the loan contract." The parties' stipulations did not indicate who held the loan contract (a/k/a pawn tickets) at the time the Home Center demanded return of the equipment. The Home Center's memorandum to the district court, however, contended that it presented the pawn tickets to Trader's at the same time it presented the lease agreement to prove ownership. Trader's confirms this fact when it argues that it properly refused to return the equipment without repayment of the loan when the Home Center presented the pawn tickets.

Trader's concedes that pawn tickets are bearer instruments. Kansas law presumes that the holder to the "contract" or pawn tickets is the person entitled to redeem the pledge. K.S.A. 16-714. For this reason, the Home Center's tender of the pawn tickets to Trader's would have effectively precluded anyone else from redeeming the property in question. The district court's reliance on the Home Center's lack of status as the contract holder is not supported by the record. Because the contract-holder status appeared to affect the district court's decision not to award attorney fees, it

is impossible to say whether the district court's decision would have remained the same absent such evidence.

Trader's also argues that the Home Center recovered the camcorder and its lease payments from Boes and, thus, has obtained all relief available. The Home Center did not obtain all the relief available to it because it did not recover its attorney fees as permitted by K.S.A. 16-720(b).

The district court relied on erroneous facts in denying the Home Center's request for attorney fees. Accordingly, it would be difficult to find that the court would have made the same decision regardless of the correct interpretation of the statutes. Thus, Trader's argument that the statutory interpretation issue is moot is rejected. It is necessary for this court to address the statutory interpretation made by the district court.

The next question before us requires the interpretation of the interplay between K.S.A. 16-714 and K.S.A. 16-720(b).

We presume the legislature intends that a statute be given a reasonable construction and that statutes should be interpreted to avoid unreasonable or absurd results. See *Tompkins v. Bise*, 259 Kan. 39, 47-48, 910 P.2d 185 (1996).

K.S.A. 16-720(b) provides in relevant part:

"When converted or stolen property has been pawned or sold to a precious metal dealer and the pawnbroker or dealer refuses to redeliver such property to the rightful owner upon demand and presentation of a bill of sale or other proper evidence of ownership by the owner, and legal action by the rightful owner to recover the property becomes necessary, the court *may* assess the pawnbroker or dealer for reasonable attorneys' fees incurred by the rightful owner if the court finds that the pawnbroker or dealer wrongfully withheld the converted or stolen property." (Emphasis added.) K.S.A. 16-720(b).

K.S.A. 16-714 provides in relevant part:

"Every pawnbroker shall retain in his possession, after the date on which the loan became due and payable, every article pledged to him for a redemption period of two (2) months. During such period, the borrower may redeem the pledged articles, upon payment of the principal and charges. *It shall be unlawful for any pawnbroker to sell or transfer title or possession of any pledged property until the expiration of such period of redemption.*" (Emphasis added.)

The district court held that an owner's right to recover stolen or converted property from a pawnbroker as provided in K.S.A. 16-720(b) was limited by the requirement in K.S.A. 16-714 that the pawnbroker retain the property for the 2-month redemption period.

K.S.A. 16-714, however, was not designed to give a person who has pawned stolen or converted equipment additional time to redeem such property. Kansas law recognizes that a thief acquires no title to stolen property; as such, a pawnbroker who accepts property from a thief cannot acquire title to the property. *In re Two Bose Speakers*, 17 Kan. App. 2d 179, 182-83, 835 P.2d 1385, *rev. denied* 251 Kan. 938 (1992). Because the thief does not have valid title to the property, there is no need to extend the thief a period to redeem the property. Accordingly, if the true owner establishes his or her rightful title to the goods, the redemption period serves no purpose other than to delay the return of the property to the rightful owner.

Likewise, the purpose of K.S.A. 16-720(b) is clear. That provision is designed to encourage pawnbrokers who discover they accepted stolen or converted property to return that property without judicial proceedings when the true owner presents satisfactory proof of his or her ownership. Because the pawnbroker has no title to the property, the prompt return of the property to its proper owner is appropriate and conserves judicial resources.

The only reasonable interpretation of the two statutes, when read in harmony, is that K.S.A. 16-714 requires a pawnbroker to retain all pawned property for 2 months *unless* the true owner presents sufficient proof to establish that the property was stolen or converted. In that case, the pawnbroker is required to return the stolen property to the true owner or risk the assessment of attorney fees.

Trader's next argues that to require it to deliver pawned merchandise to the Home Center without payment is contrary to the Constitution in that it is a taking in violation of the pawnbroker's rights of due process. Trader's also claims it has a constitutionally protected property right in the pawned merchandise.

Kansas law recognizes that pawnbrokers have a property interest in retaining possession of pawned goods except as against the true owner. *In re Two Bose Speakers*, 17 Kan. App. 2d at 182. In *In re Two Bose Speakers*, the court held that property obtained from a pawnbroker and used in a criminal action can be returned to the true owner notwithstanding the pawnbroker's claim to title through the thief. Because the pawnbroker was claiming rights superior to the true owner, however, he was entitled to procedural due process before the transfer. See 17 Kan. App. 2d at 180, 182.

K.S.A. 16-720(b) implicitly recognizes the pawnbroker's right to retain goods as to all but the true owner. The statute only requires the pawnbroker to turn over stolen or converted goods to "the rightful owner upon demand and presentation of . . . proper evidence of ownership." K.S.A. 16-720(b). Should the owner not provide sufficient evidence of ownership, the pawnbroker does not risk being assessed attorney fees. Moreover, the pawnbroker would have the opportunity in any replevin action to state his or her claim of ownership.

For these reasons, the constitutional issue raised by Trader's lacks merit.

Last, the Home Center argues the district court erred as a matter of law in denying its request for attorney fees.

Whether to award attorney fees under K.S.A. 16-720(b) is clearly left to the discretion of the district court. The statute provides that the "court *may* assess the pawnbroker or dealer for reasonable attorneys' fees." (Emphasis added.) K.S.A. 16-720(b). While the district court may have misinterpreted the statutes, that does not vest *this* court with the power to determine whether attorney fees should have been awarded under the facts and circumstances.

The district court's refusal to grant attorney fees was based upon its interpretation, which we have determined to be erroneous, that the pawn shop's refusal to return the equipment was based on reasons other than the 2-month redemption period required and that the Home Center was not the contract holder at the time of the demand to return the equipment. These conclusions are not supported by the parties' stipulations or other parts of the record.

It is speculation for us to assume that had the district court correctly interpreted the statutes and relied only upon the stipulated facts, it would have granted or denied attorney fees. Given this fact, this matter is reversed and remanded to the district court to review its decision denying attorney fees in light of our rulings herein. Further, the district court is instructed to (1) consider the correct interpretation of the statutes and (2) consider the stipulations and facts surrounding the Home Center's attempt to recover the camcorder from Trader's.

To the extent that Trader's is requesting attorney fees in connection with the district court proceedings or on appeal, that request is without merit. Further, we note that any request for attorney fees on appeal must comply with Supreme Court Rule 5.01 (1996 Kan. Ct. R. Annot. 26) and must be accompanied by an affidavit setting forth the specifics of attorney fees claimed. See Supreme Court Rule 7.07(b) (1996 Kan. Ct. R. Annot. 45).

Reversed and remanded with directions.