**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK J. WILKINS,

     Plaintiff-Appellant,

v.

OREN SKILES, Chief of Police,
Arkansas City, Kansas; JOHN
BAUCOM, Detective, Arkansas City,
Kansas Police Department; BOB
ODELL, Sheriff of Cowley County,
Kansas; MIKE KNAPP, Jail
Administrator, Cowley County Jail;
ED SANTIAGO, Detective, Arkansas
City Police Department; JIM
PRINGLE, District Attorney, Cowley
County, Kansas; WAH-LEETA
ROGERS, Clerk of Court, Cowley
County, Kansas,

     Defendants-Appellees.

No. 99-3293

(D.C. No. 98-3392-GTV)
(D.Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Frank Wilkins appeals the district court's order denying his 42 U.S.C. § 1983 complaint.  We affirm.

Wilkins was charged with burglary, theft, conspiracy to commit aggravated robbery, aggravated robbery, aggravated burglary, and kidnapping.  Incident to their investigation, police officers seized property from Wilkins' vehicle and person, and subsequently seized property pursuant to a search warrant.  Wilkins was convicted in state court and his appeal to the Kansas Court of Appeals was affirmed in part and reversed in part in an unpublished opinion      filed August 6, 1999.  The Kansas Supreme Court has granted review of the decision.  While his appeal was pending with the Kansas Court of Appeals, Wilkins attempted to file a motion for replevin in state court, seeking the return of property that was seized.  The county clerk refused to file the motion and Wilkins filed a petition for writ of mandamus seeking to compel the clerk to file his motion.  The state administrative judge returned the petition for writ of mandamus and the motion for replevin to Wilkins, finding the replevin motion was "a civil remedy which you have attempted to pursue in one or both of the . . . criminal actions," and that Wilkins "would be unable to appear pro se to present the matter to the court."

Aplt. Br., App. D.

Wilkins filed his civil rights complaint in federal district court pursuant to 42 U.S.C. § 1983, alleging *inter alia* that his constitutional rights were violated when he was denied the return of his personal property. The district court dismissed Wilkins' complaint for failure to state a claim. The court found the "property was seized as the result of a criminal investigation and has been retained pursuant to state statute during the pendency of his direct appeal." Record, Doc. 21 at 3.

We review de novo the district court's decision to dismiss for failure to state a claim upon which relief can be granted. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). Under Kan. Stat. Ann. § 22-2512(1) (1995), seized property "shall be [] kept as long as necessary for the purpose of being produced as evidence on any trial." Since Wilkins' conviction is on appeal, the seized property may be necessary as evidence at a retrial. See State v. Antwine, 636 P.2d 208, 212 (Kan. Ct. App. 1981) (noting that the prosecution has "the discretion to determine what evidence will be used by the State in the prosecution of the case"). The district court did not err in finding Wilkins failed to state a claim for relief.

Wilkins also argues on appeal that his due process and equal protection rights were violated when the county clerk refused to file his motion for replevin.

3

Wilkins did not raise this issue with the district court and we will not now consider it.   See Singleton v. Wulff  , 428 U.S. 106, 120 (1976);    Lyons v. Jefferson Bank & Trust  , 994 F.2d 716, 721 (10th Cir. 1993).

The decision of the district court is AFFIRMED.  Wilkins shall continue making partial payments of assessed fees until the entire amount has been paid.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4