NOT DESIGNATED FOR PUBLICATION

No. 117,928

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JUSTIN L. JONES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed September 28, 2018. Affirmed in part, sentence vacated in part, and remanded with directions.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before STANDRIDGE, P.J., HILL and BUSER, JJ.

BUSER, J.:  This is an appeal by the State of Kansas seeking to correct what it asserts are illegal sentences imposed during the resentencing of Justin L. Jones. As discussed in this opinion, we affirm in part, vacate in part, and remand with directions. In particular, the sentence for Count I is vacated and the case is remanded with directions to recalculate Jones' criminal history by scoring his two prior juvenile adjudications for burglary as nonperson felonies, and based on that calculation, to resentence Jones on Count I.

1

FACTUAL AND PROCEDURAL BACKGROUND

On May 3, 1999, the State charged Jones with two counts of attempted first-degree murder, a severity level 1 person felony in violation of K.S.A. 21-3301 (Furse) and K.S.A. 21-3401 (Furse). The crimes were alleged to have occurred on May 1, 1999. A jury found Jones guilty as charged on September 2, 1999. Prior to sentencing, Jones' criminal history was found to include two pre-Kansas Sentencing Guidelines Act (KSGA) juvenile adjudications for residential burglary.

Jones was sentenced on October 4, 1999. Because the two adjudications were scored as person felonies for purposes of establishing his criminal history, Jones was sentenced based on a criminal history score of B. The district court designated Count I as the primary offense and sentenced Jones to a mitigated prison term of 692 months with 36 months' postrelease supervision. As to Count II, the district court sentenced Jones to a mitigated prison term of 184 months to be served concurrently with the sentence imposed in Count 1. Jones appealed the convictions and our court affirmed. *State v. Jones*, No. 84,149, unpublished opinion filed December 22, 2000 (*Jones I*).

Almost 15 years later, Jones sought sentencing relief in the district court. As described by our court:

> "In 2014, in reliance on this court's decision in [*State v.*] *Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015), Jones filed a motion to correct his sentence on the grounds the burglary convictions should have been treated as nonperson felonies, thereby reducing his criminal history classification and presumptive punishment. The district court denied the motion, ruling the panel decision in *Dickey* was not binding because the State's petition for review had been granted and the decision should not, in any event, be applied retroactively. Jones appealed." *State v. Jones*, No. 113,373, 2016 WL 1178332, at *1 (Kan. App. 2016) (unpublished opinion) (*Jones II*).

In *Jones II*, both parties acknowledged that *State v. Dickey*, 301 Kan. 1018, 1021, 350 P.3d 1054 (2015), as articulated by our Supreme Court, controlled how preguidelines burglary convictions should be scored for criminal history purposes. As our court put it, the dispute on appeal was over "whether the rule of *Dickey* should be applied to defendants asserting it in motions to correct illegal sentences long after their direct criminal appeals have become final." *Jones II*, 2016 WL 1178332, at *1. Citing *State v. Martin*, 52 Kan. App. 2d 474, Syl. ¶¶ 5, 7-8, 369 P.3d 959 (2015) our court resolved the retroactivity question in favor of Jones. *Jones II*, 2016 WL 1178332, at *1-2.

Our court concluded:

"Because Jones' criminal history was incorrectly calculated based on the misclassification of the burglary [adjudications] as person felonies, he received a sentence that failed to conform to the governing statute. He is entitled to a sentence the district court imposes using a correctly determined criminal history. Consistent with the remedy afforded [*State v.*] *Dickey*, 301 Kan. [1018,] 1039-40, [350 P.3d 1054 (2015)] Jones' burglary [adjudications] must be scored as nonperson felonies.

"We, therefore, vacate Jones' sentence and remand to the district court for resentencing consistent with *Dickey*." *Jones* II, 2016 WL 1178332, at *1-2.

On remand, however, the district court did not score the two prior burglary adjudications as nonperson felonies. Instead, based on representations made in the presentence investigation (PSI) report, and by the prosecutor and defense counsel, the district court determined that Jones' prior juvenile adjudications had decayed and, as a result, it reclassified Jones' criminal history score as I. Based on this revised score, the district court resentenced Jones on Count I to 206 months' imprisonment with 36 months' postrelease supervision, and on Count II to 184 months' imprisonment. Concluding that it did not have jurisdiction to run Count II consecutively to Count I, the district court denied the State's request and reimposed concurrent sentences.

3

The State timely appeals.

On appeal, the State contends the revised sentences are illegal in two respects. First, the State argues that on resentencing the two prior juvenile adjudications for burglary should not have been classified as juvenile decayed felonies for purposes of calculating Jones' criminal history. Instead, the State submits the adjudications should have been scored as nonperson felonies. Second, the State claims the revised sentences were not controlled by *State v.Guder*, 293 Kan. 763, 267 P.3d 751 (2012) or its progeny and the district court's reliance on that precedent—specifically its finding that it had no jurisdiction to run the sentences consecutively—was erroneous. We will consider the two sentencing issues separately.

SCORING OF JUVENILE ADJUDICATIONS FOR CRIMINAL HISTORY PURPOSES

The State contends the district court imposed illegal sentences upon resentencing because the juvenile adjudications should not have been classified as juvenile decayed felonies, but rather as nonperson felonies and scored as a criminal history category F.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which our court exercises unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Courts may correct an illegal sentence at any time. K.S.A. 22-3504(1); see *Dickey*, 305 Kan. 217, 219, 380 P.3d 230 (2016).

The State argues that under the KSGA, certain lower level juvenile adjudications are allowed to decay from an individual's criminal history, but only "if the *current crime of conviction* is committed after the offender reaches the age of 25." K.S.A. 2017 Supp. 21-6810(d)(4). As the State puts it: "At resentencing in the instant case, the mistake everyone seemed to make was assuming that because at the time of *re-sentencing* defendant was over the age of twenty-five, his juvenile adjudications for burglary should

4

have decayed. This was error." (Emphasis added.) Although the State claims error on appeal, it obviously failed to appreciate the error when the prosecutor advised the district court at resentencing that he did not dispute that the adjudications had decayed.

According to the State on appeal, however, the rule as provided in K.S.A. 2017 Supp. 21-6810(d)(4), was not applicable here because Jones was only 23 years old at the time of the commission of the attempted first-degree murders. Of note, the PSI from 1999 readily provided the correct information regarding Jones' date of birth, December 8, 1976. The date of both offenses was also established as May 1, 1999. Because Jones was not 25 years old at the time of his convictions, the State argues that *Dickey* required the district court to score the "two prior burglary convictions as nonperson felonies, not juvenile decayed felonies." Additionally, the State claims error in the district court's disregard of our mandate issued in *Jones* II.

In response, Jones does not claim that he was, in fact, at least 25 years old at the time of his attempted first-degree murder convictions. Rather, he claims the parties are "bound by [the] factual stipulation" that he was 25 at the time he committed these crimes and that "the State cannot now argue that [he] was not at least 25 . . . at the time of the current offense." In other words, despite the fact that Jones was not at least 25 years old at the time of the convictions, Jones claims the State's erroneous stipulation precludes its claim of an illegal sentence.

We conclude that Jones' criminal history was erroneously calculated. First, Jones claims the State, by not disputing in the district court that the prior adjudications had decayed, entered into an agreement that "was effectively a stipulation." Jones then argues:

"But nothing precludes parties from stipulating to facts that may not be true. And '[w]hen a stipulation of facts is agreed to by the parties, a trial court can render only such

5

judgment as those facts warranted.' *C.M. Showroom, Inc. v. Boes*, 23 Kan. App. 2d 647, 649, 933 P.2d 793 (1997)."

The record, however, does not support Jones' claim that the parties entered into a factual stipulation. The amended PSI, apparently based on an erroneous determination that the prior adjudications had decayed, reported to the district court and the parties that the correct revised criminal history score was I. While the district court and counsel for the parties discussed and erroneously decided that the prior juvenile adjudications had decayed, there was no stipulation of facts to bind the State on appeal.

Second, Jones claims the district court properly applied the statute which allowed for the juvenile adjudications to decay because the "district court merely applied the facts stipulated to by the parties. And the fact that Mr. Jones might not have actually been 25 does not render his sentence illegal." We disagree.

K.S.A. 2017 Supp. 22-3504(3) permits a party to seek correction of an illegal sentence if the sentence imposed "does not conform to the applicable statutory provision." Given that Jones was not at least 25 years of age at the time he committed his offenses of attempted first-degree murder, the statute providing for decayed juvenile adjudications, K.S.A. 2017 Supp. 21-6810(d)(4), did not apply. As a result, Jones' revised sentence as to Count I did not conform to the KSGA statutes governing scoring of a defendant's criminal history. The sentence as to Count I was, therefore, illegal.

Third, as the State points out, our mandate in *Jones II* was specific. It directed the district court to resentence Jones "consistent with *Dickey*" immediately after stating that, "Jones' burglary [adjudications] must be scored as nonperson felonies." *Jones II*, 2016 WL 1178332, at *1. Whether a district court has complied with a Court of Appeals mandate, and the proper interpretation of a mandate, are questions of law over which

6

appellate courts exercise de novo review. *In re Estate of Einsel*, 304 Kan. 567, Syl. ¶ 2, 374 P.3d 612 (2016).

Our longstanding rule regarding mandates was recently restated by our Supreme Court:

"An appellate court's decision, including remand instructions, forms a part of its mandate to the lower court, which 'shall be controlling in the conduct of any further proceedings necessary in the district court.' K.S.A. 60-2106(c). Subject to some limited exceptions, a district court must carry the mandate into execution and 'cannot vary it, or examine it for any other purpose than execution; nor give any other or future relief; nor review it upon any matter decided on appeal, for error apparent; not intermeddle with it, further than to settle so much as has been remanded.' *State v. Collier*, 263 Kan. 629, 636, 952 P.2d 1326 (1998) (quoting *Sibbald v. United States*, 37 U.S. [12 Pet.] 488, 492, 9 L. Ed. 1167 [1838]); see also *Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1133 (10th Cir. 2001) (recognizing certain well-established exceptions to the mandate rule, permitting the district court to depart from the mandate rule if blatant error would result in serious injustice)." *In re Estate of Einsel*, 304 Kan. at 584.

In this case, our mandate in *Jones II* was plain and specific, yet the district court did not implement it. This error, in addition to the KSGA sentencing mistake discussed earlier, requires us to vacate the sentence for Count I and remand to the district court with directions. The district court is directed to recalculate Jones' criminal history by scoring his two prior juvenile adjudications for burglary as nonperson felonies, and based on that calculation, to resentence Jones on Count I.

IMPOSITION OF CONCURRENT RATHER THAN CONSECUTIVE SENTENCES

The State next contends the district court erroneously relied on *Guder*, when at resentencing it found it did not have jurisdiction to run Jones' sentences consecutively, opting instead to order concurrent sentences as originally imposed in 1999. Moreover,

assuming the district court's adherence to *Guder* was correct, the State asks our court to revisit *Guder*, and hold that it was wrongly decided by our Supreme Court.

Jones counters that *Guder* controls this issue, and the district court's ruling that it was required to reimpose concurrent sentences is further supported by our Supreme Court's recent decision in *State v. Warren*, 307 Kan. 609, 412 P.3d 993 (2018).

Jurisdiction is a question of law over which this court exercises unlimited review. *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015). Similarly, the interpretation of sentencing statutes is a question of law over which we exercise de novo review. *Warren*, 307 Kan. at 612.

In *Guder*, our Supreme Court considered sentencing circumstances similar to this case. In that case, Guder pled guilty to numerous drug-related crimes and was sentenced to a 162-month prison term for the primary conviction of manufacture of a controlled substance. The district court ran this sentence consecutive to the 15-month sentence for marijuana cultivation, resulting in a controlling term of 177 months' imprisonment. The district court ran all other convictions concurrent with this controlling prison term.

On appeal, our court vacated Guder's primary sentence for manufacture of a controlled substance and remanded "'with directions to resentence [Guder] at the appropriate crime severity level.'" *Guder*, 293 Kan. at 764. At resentencing, the district court reduced Guder's manufacturing sentence to 32 months—which, as before, ran consecutive to the 15-month marijuana cultivation. But the district court also modified Guder's sentence for possession of drug paraphernalia from concurrent to consecutive, resulting in a controlling prison term of 58 months. Guder appealed.

On appeal, our Supreme Court acknowledged that district courts previously had the authority to resentence on all counts after an appellate court remanded for

8

resentencing on one count. *Guder*, 293 Kan. at 765. However, the court noted that "K.S.A. 21-[6819(b)(5)] provide[d] that, in the event that a *conviction* of the primary crime is reversed on appeal, the sentencing court is to follow all of the KSGA provisions concerning sentencing in multiple conviction cases." 293 Kan. at 766. Based on the plain language of this statute, the court found: "Nothing in the statutory scheme . . . allows resentencing on other convictions following the vacating of a *sentence* on appeal." 293 Kan. at 766. And because Guder's primary conviction had not been reversed, the court found the district court lacked jurisdiction to modify his other, nonvacated sentences from concurrent to consecutive. 293 Kan. at 767.

Two years later, our Supreme Court decided *State v. Morningstar*, 299 Kan. 1236, 329 P.3d 1093 (2014). In that case, Morningstar was convicted of one count of rape of a child under 14, aggravated battery, abuse of a child, and child endangerment. The district court sentenced Morningstar to an off-grid hard 25 life sentence for the rape conviction, and ran all other term-of-years sentences concurrent to the rape sentence. The court affirmed Morningstar's conviction, but vacated his off-grid rape sentence because the district court had not determined his age. On remand, the parties realized that imposing an on-grid rape sentence made the rape conviction Morningstar's highest severity-level offense and, thus, required resentencing of his aggravated battery conviction. The district court resentenced Morningstar for both convictions, running them consecutive to each other. Morningstar appealed, claiming that *Guder* prevented the district court from taking such action.

On appeal, the Supreme Court acknowledged its holding from *Guder*, but noted that "the caveat to *Guder* is that the non-vacated sentences must be otherwise lawful when the case is returned to the district court on remand. [Citation omitted.]" *Morningstar*, 299 Kan. at 1243. In other words, because Morningstar's nonvacated sentence for aggravated battery would have been illegal if left unchanged, the district

9

court had jurisdiction to revise it and—if it chose—to run that sentence consecutive to Morningstar's revised rape sentence. 299 Kan. at 1244-45.

Returning to the case on appeal, the State asserts this case "is distinguishable from the resentencing scenarios" of *Guder* and *Morningstar* mainly because Jones was convicted of two identical crimes of the same severity level. In essence, the State argues that because our court in *Jones II* did not specify which of these sentences was vacated, one could rightfully conclude that it was Jones' entire sentence that was vacated so that he could be entirely resentenced under the KSGA. This argument ignores Kansas sentencing law, the rulings of the district court, and our court's holding in *Jones II*.

As discussed earlier, in *Jones II*, our court held that Jones' original criminal history score was mistakenly calculated because his juvenile adjudications for burglary were not scored as nonperson felonies. 2016 WL 1178332, at *1. Finding Jones' sentencing was illegal, the panel vacated the sentence and remanded to the district court for resentencing. 2016 WL 1178332, at *2. Although the mandate itself provided that Jones' "sentence [was] vacated and the case remanded with directions," Kansas statutes, the district court's statements during sentencing, and our court's holding made clear that only the sentence for Count I was vacated.

Under K.S.A. 2017 Supp. 21-6819(b)(2), a sentencing judge must "establish a base sentence for the primary crime," which is the "crime with the highest crime severity ranking." If two crimes share the same severity level, the sentencing judge must "designate which crime will serve as the primary crime." K.S.A. 2017 Supp. 21-6819(b)(2). The length of a defendant's base sentence is then "set using the total criminal history score assigned." K.S.A. 2017 Supp. 21-6819(b)(3). Important for this analysis, the defendant's criminal history score is applied only to the base sentence, not to the nonbase sentences. The result is an I criminal history score for every nonbase sentence. K.S.A. 2017 Supp. 21-6819(b)(5).

10

Significantly, in its original sentencing in 1999, the district court designated Count I as the primary offense with a 692 months sentence while the sentence for Count II was 184 months to be served concurrently with Count 1. After our court in *Jones II* remanded the case for resentencing, the district court again designated Count I as the primary offense, imposing a sentence of 206 months while imposing a sentence of 184 months on Count II, concurrent with Count I.

In summary, in *Jones II*, the two prior burglary adjudications were initially designated as person felonies, resulting in a criminal history score of B. *Dickey* required that these adjudications be rescored as nonperson felonies, which in this case should have resulted in the reduced criminal history score of F. Because under the KSGA the criminal history score of I for Count II was unaffected by the recalculation of the criminal history, our holding in *Jones II* necessarily only applied to Count I—the only sentence based on the erroneous criminal history score of B. The district court's resentencing reflected that understanding. We find no merit to the State's argument.

Next, the State argues that even if this court's mandate applied only to Count I, the case nevertheless "returned to the district court for resentencing on two counts of the same severity level." The State suggests the district court should have revised Jones' sentences to provide for consecutive sentences for Counts I and II, rather than reimpose the original concurrent sentences.

But this argument runs directly contrary to *Guder*, which, as already discussed, allows for resentencing of nonvacated sentences only if a defendant's primary conviction is reversed. 293 Kan. at 766. Jones' conviction on Count I was not reversed, and as a result, the district court was not authorized to modify the previously imposed sentence on Count II.

11

Finally, the State next asks our court to revisit *Guder* because it "misinterpreted the KSGA resulting in a sentence in the instant case which does not comply with the applicable statutory provisions." In making this argument, the State acknowledges our court is duty bound to follow Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). But the State assures us that our Supreme Court already displayed its reluctance to follow *Guder* when it "walked back" its holdings in *Morningstar*.

After the parties' appellate briefs were submitted in this case, our Supreme Court issued *Warren*. In *Warren*, the State's primary argument, as in this appeal, was that *Guder* should be overruled. But our Supreme Court reaffirmed *Guder*, concluding that "[w]hen multiconviction cases are remanded for resentencing, the [KSGA] prohibits district courts from modifying sentences that have not been vacated by the appellate court. An exception exists when the district court must alter such a sentence as a matter of law to avoid an illegal sentence." 307 Kan. 609, Syl. ¶ 1.

*Warren* is dispositive that *Guder* is alive and well in Kansas. Based on the plain language of the KSGA, the district court did not err in declining the State's request to modify the sentence in Count II by running it consecutively to Count I. As provided in *Guder*: "Nothing in the statutory scheme . . . allows resentencing on other convictions following the vacating of a *sentence* on appeal." 293 Kan. at 766. The district court did not err in this regard.

Affirmed in part and sentence vacated in part. The sentence for Count I is vacated and the case is remanded with directions to recalculate Jones' criminal history by scoring his two prior juvenile adjudications for burglary as nonperson felonies, and based on that calculation to resentence Jones on Count I.

12