(574 P.2d 241)

No. 49,033

STATE OF KANSAS, *Appellee,* v. CHESTER EUGENE FORSYTH and ALICE NADINE FORSYTH, *Appellants.*

Opinion filed February 3, 1978.

*Robert W. Hedrick,* of Kansas City, for the appellants.

*Thomas L. Boeding,* assistant district attorney, *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, for the appellee.

Before SWINEHART, P.J., FOTH and ABBOTT, JJ.

ABBOTT, J.: This is a direct appeal by defendants in a criminal action from their convictions for possession of narcotic substances prohibited by K.S.A. 1976 Supp. 65-4127a.

The issues asserted on appeal involve the admission of evidence and concern (1) a prior misdemeanor conviction, (2) the issuance of a search warrant, and (3) the failure to personally serve defendants with a copy of the inventory of articles seized, pursuant to K.S.A. 22-2512, or with a copy of the warrant itself.

On April 25, 1976, at 10:05 a.m. a search warrant was issued authorizing law enforcement officers to search a house located at 1037 Central Avenue, Kansas City, Kansas, for various items of personal property stolen from an apartment in Kansas City, Missouri.

While a room-by-room search was in progress, Detective Harold Reed accidentally knocked over a laundry basket full of clothing located on a chair behind the rear door. Reed heard something rattling as the clothes and two plastic bread wrappers tumbled out of the basket onto the floor. The officer looked at the bread wrappers and was of the opinion they contained numerous bottles of pills. Photographs of the bread wrappers introduced at the trial revealed that the police officers could see through the bread wrappers in several areas and thus could see the containers of pills. Although many of the pills appeared to be in pharma-

ceutical containers, no identifying labels were on them. Some of the pills were in small plastic bags. The detective left the residence, obtained a search warrant, returned and seized the plastic bread wrappers along with other items of drug paraphernalia. A receipt for the property seized was not personally served on the defendants, but rather was placed in the defendants' personal effects at the Kansas City, Kansas, jail where they were incarcerated.

A pretrial conference was held and defendants were informed the state would seek to introduce evidence of a prior conviction for possession of amphetamines in violation of K.S.A. 65-4127b, a misdemeanor. Defendants were granted fourteen days from the date of the preliminary hearing to file a motion to suppress the use of the prior conviction, but none was filed.

At a hearing outside the presence of the jury, the trial court determined the conviction was admissible against the defendant Chester Eugene Forsyth for the limited purpose of proving absence of mistake, pursuant to K.S.A. 60-455. The jury was so instructed, and was further instructed the prior conviction must not be considered in its deliberations as to the other defendant, Alice Nadine Forsyth. Defendant objected that evidence of the prior conviction was inadmissible because it was for a misdemeanor and not for a felony.

The statute in question, K.S.A. 60-455,[1] does not draw a distinction between misdemeanors and felonies. The statute speaks only of "a crime." That term does not apply to felonies alone, but applies equally to misdemeanors. By statute, the word "crime" includes both felonies and misdemeanors (K.S.A. 21-3105).[2] Under K.S.A. 60-455, the Kansas Supreme Court has approved the

---

[1] 60-455. **Other crimes or civil wrongs.** Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-455 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

---

[2] 21-3105. **Crimes defined; classes of crimes.** A crime is an act or omission defined by law and for which, upon conviction, a sentence of death, imprisonment or fine, or both imprisonment and fine, is authorized. Crimes are classified as felonies and misdemeanors.
(1) A felony is a crime punishable by death or by imprisonment in any state penal institution.
(2) All other crimes are misdemeanors.

use of a prior misdemeanor conviction for petty larceny in a felony burglary trial to prove absence of mistake. (*State v. Carpenter*, 211 Kan. 234, 238, 505 P.2d 753.) Defendants' objection that a misdemeanor conviction cannot be used pursuant to K.S.A. 60-455 in a felony case is not a valid objection, and the trial court did not err in allowing evidence of a prior misdemeanor conviction to be introduced to prove lack of mistake.

The defendants make additional arguments concerning prejudice and relevancy. Having failed to present the proper objection to the trial court, the defendants cannot present the arguments for the first time on appeal. (See K.S.A. 60-404;[3] *State v. Craig*, 215 Kan. 381, 383, 524 P.2d 679.)

Defendants next challenge the admission of the evidence obtained in the search on the theory that the first search warrant, which led to the second warrant and hence the actual seizure of the narcotics, was invalid. A number of arguments are made, including one that there was no probable cause to issue the original search warrant. Defense counsel's position at trial was that the first search warrant was valid. No pretrial motions were filed to suppress the evidence nor were any objections raised at trial to the effect that the first search warrant was not valid. Absent a timely and specific objection to the introduction of evidence, appellate review is precluded. (*State v. Gordon*, 219 Kan. 643, 549 P.2d 886.)

Defendants did object to the admission of the seized items and moved to suppress them on the grounds that they were not personally served with a copy of the warrant and an inventory of the items seized in the search. The police handed defendants a copy of the first search warrant prior to commencing their search.

The record reveals defendants were given a copy of the second search warrant prior to the seizure of the items found in the first search. A copy of the second warrant was also placed with Chester Eugene Forsyth's personal effects at the police station, and the record indicates the inventory list may have also been so placed.

---

[3] 60-404. **Effect of erroneous admission of evidence.** A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection.

Defendants' attorney was present at the house during part of the search. Defendants and counsel had actual knowledge of what items were seized. In addition, the inventory and warrant were properly returned and filed with the court.

The Kansas Supreme Court has been confronted with the precise issue here presented. The failure to give a copy of the receipt to the defendant for the items taken is a technical irregularity under K.S.A. 22-2511, and therefore the evidence seized thereunder is admissible unless the defendant demonstrates prejudice from the procedural violation. (*State v. Ames,* 222 Kan. 88, 93-95, 563 P.2d 1034; *State v. Stewart,* 219 Kan. 523, 527, 548 P.2d 787, 792.) At best, defendants can only show that a copy of the inventory was not delivered to them personally. That showing alone is insufficient to demonstrate prejudice and is a mere technical irregularity not affecting the substantial rights of the accused.

Affirmed.