(855 P.2d 975)

No. 67,261

STATE OF KANSAS, *Appellee*, v. GARY L. MENDENHALL, *Appellant*.

Opinion filed March 12, 1993.

*Wendy L. Rhyne Slayton,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*David Lowden,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRISCOE, C.J., BRAZIL, J., and JAMES J. NOONE, District Judge Retired, assigned.

NOONE, J.: Gary L. Mendenhall appeals an order of the trial court in which $540 that was taken from him at the time of his arrest was ordered delivered to the alleged victim of an aggravated robbery after Mendenhall's acquittal on that charge and an accompanying aggravated battery charge. He contends that K.S.A. 22-2512(2) required the trial court to return the money to him and his Fourteenth Amendment right to due process and his

Sixth Amendment right to effective assistance of counsel were denied. We affirm.

The pertinent facts can be stated briefly. Mendenhall was charged with aggravated battery and aggravated robbery. The State alleged that he took money and an automobile in the robbery. Mendenhall was acquitted of both charges after a jury trial. He filed a motion seeking return of $540 taken from him as evidence by the police at the time of his arrest. At the outset of the hearing on the motion, the trial judge determined that the question presented was who the money belonged to, rather than whether it had been taken from Mendenhall when he was arrested; the judge conducted an evidentiary hearing to determine that question. At the conclusion of the evidence, he ordered the money be delivered to the alleged victim, and Mendenhall appeals that order.

Mendenhall's first contention is that K.S.A. 22-2512(2) required the court to return the money to him and that the court erred in failing to do so.

The issue of whether, after an acquittal, the trial court had authority to entertain an evidentiary hearing under K.S.A. 22-2512 is a question of law, giving this court unlimited review. *McCarty v. State Bank of Fredonia,* 14 Kan. App. 2d 552, 554, 795 P.2d 940 (1990). It is undisputed that subsection (2) of K.S.A. 22-2512 sets forth the statutory provisions relating to the disposition of validly seized property and applies directly in this case. It provides:

"(2) When property seized is no longer required as evidence, it shall be disposed of as follows:

(a) Property stolen, embezzled, obtained by false pretenses, or otherwise obtained unlawfully from the rightful owner thereof shall be restored to the owner;

(b) money shall be restored to the owner unless it was contained in a slot machine or otherwise used in unlawful gambling or lotteries, in which case it shall be forfeited, and shall be paid to the state treasurer pursuant to K.S.A. 20-2801, and amendments thereto;

. . .

(g) unless otherwise provided by law, all other property shall be disposed of in such manner as the court in its sound discretion shall direct." K.S.A. 22-2512.

. Mendenhall argues that K.S.A. 22-2512(2)(b) mandates that the trial court return the money to him since it was no longer needed as evidence. He asserts that K.S.A. 22-2512(2)(a) does not apply since it concerns stolen property and the jury had determined by its verdict that this money was not stolen. He states that the trial court had no authority to hear evidence concerning ownership of the money, and, if the alleged victim claimed it, his only remedy would be a civil action. We do not agree.

"[A]n acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt." *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 361, 79 L. Ed. 2d 361 104 S. Ct. 1099 (1984). See also *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 234, 34 L. Ed. 2d 438, 93 S. Ct. 489 (1972), wherein the court held "[a]n acquittal on the criminal charge may have involved a finding that the physical act was not done with the requisite intent." (These were forfeiture cases in which defendants, after acquittals on criminal charges, attempted to prevent forfeiture of their property on the theories of res judicata and collateral estoppel.)

In an early Kansas case under a prohibitory statute, our court found that "the fact that the jury returned a verdict of not guilty . . . is of no controlling significance" in dealing with the disposition of the property seized. *State v. Powell,* 120 Kan. 731, 732, 244 Pac. 1053 (1926). Although that was also essentially a forfeiture case, the court's rationale that an acquittal is not determinative of the disposition of seized property is applicable to this case.

Mendenhall submits no authority for his contention that acquittal automatically entitles him to the return of property seized from him at the time of his arrest beyond his interpretation of K.S.A. 22-2512(2). The authors of Vernon's Code of Criminal Procedure note that, prior to the enactment of such statute in 1970 (as a restatement of a prior law), the Advisory Committee had recommended that the new statute contain the following provision: "If the person arrested is released without a charge being preferred against him all things seized shall be returned

to him upon release." 12 Vernon's Kansas C. Crim. Proc. § 22-2512, p. 293 (1973).

The legislature chose not to adopt such a provision, but instead chose language requiring that seized property be returned to the owner. In a recent case, this court held:

" '[P]roperty or money lawfully in the hands of law enforcement officials for use as evidence in a criminal proceeding is regarded as being in *custodia legis* . . . .'

. . . .

"Kansas courts have authority to hear both civil and criminal cases. Where no criminal action has been filed, the district court retains in rem jurisdiction over property held in *custodia legis.*" *In re Two Bose Speakers,* 17 Kan. App. 2d 179, 181, 835 P.2d 1385, *rev. denied* 251 Kan. 938 (1992).

Property seized and held for use as evidence in a criminal proceeding is "subject to the court's order as to disposition thereof in the same proceeding, rather than in a separate action." *State v. Gunzelman,* 200 Kan. 12, 14, 434 P.2d 543 (1967), relied upon in *In re Two Bose Speakers,* 17 Kan. App. 2d at 181.

We see no reason to make a distinction between seized property held in *custodia legis* after an acquittal and seized property held in *custodia legis* where no criminal proceedings are filed. Once the property is lawfully seized, the district court acquires in rem jurisdiction over such property and retains such jurisdiction to restore it to the rightful owner. This jurisdiction and authority of the district court is not subject to the nature of the disposition of an underlying criminal action. The evidentiary hearing held by the trial court, in this case to determine the ownership of the $540, was held upon Mendenhall's motion to order it delivered to him. It was an appropriate exercise of the court's jurisdiction and duty.

Mendenhall argues further that, even if the court did have authority to conduct such an evidentiary hearing, its finding that the alleged victim was the owner was not supported by the evidence. Again we disagree. The alleged victim's testimony at the evidentiary hearing, the court's stated recollection of evidence in the criminal trial, and Mendenhall's refusal to offer any evidence at the evidentiary hearing provide ample support for the trial court's finding.

Mendenhall also contends that the trial court denied him his Fourteenth Amendment right to due process and his Sixth Amendment right to the effective assistance of counsel. He bases this contention upon what he alleges was an undue limitation of his counsel's participation in the evidentiary hearing. He argues that his counsel was prevented from making a statement on his behalf and from offering a basis for an objection. .

The record discloses that, after the trial court advised defense counsel that Mendenhall was not entitled to the return of the $540 simply because of his acquittal and that the court was going to hear evidence as to ownership, defense counsel stated that Mendenhall would object. The court overruled the objection. Defense counsel then asked if he could "say the basis" for his objection, and the court replied that it did not need a basis, that the court had an amount of money, that there was a claimant, that Mendenhall had asked for the money, and that the court was ready to "receive evidence as to the owner." Defense counsel then asked if he could make a statement for the record, and the court refused such request and asked that witnesses be called.

The record also discloses that this did not occur until after defense counsel had presented his argument that Mendenhall was entitled to the money because of his acquittal and the fact that it had been taken from him and was no longer needed as evidence. Counsel had answered the court's questions clarifying his contentions and had been advised by the court that his position was not valid as a matter of law and that it was incumbent upon the court to determine ownership of the money. Mendenhall then objected to the court's ruling and was overruled and thereafter was denied an opportunity to make further comments either in the nature of a basis of his objection or statement for the record.

It is apparent that the trial court understood Mendenhall's contentions and the reasons for his objecting to an evidentiary hearing to determine ownership. The court's questions directed to defense counsel following such counsel's opening statement leave no doubt in that regard. The court clearly determined that Mendenhall was not entitled to a mandatory return of the money based upon his acquittal, and further opportunity to be heard in that respect was not required after the court had made its determination.

Mendenhall asserts that the trial court failed to ask defense counsel if he wished to call witnesses or to otherwise present defense counsel with an opportunity to do so. The record clearly shows that the trial court twice gave Mendenhall the opportunity to call witnesses, but he chose to rely upon his acquittal. His argument in this regard has neither merit nor foundation.

Mendenhall was not denied any rights under either the Fourteenth Amendment or the Sixth Amendment.

Affirmed.