No. 79,896

STATE OF KANSAS, *Appellee,* v. THOMAS L. JIMENEZ and CONSTANCE L. JIMENEZ, *Appellants.*

(966 P.2d 60)

Opinion filed October 30, 1998.

*William K. Rork,* of Rork Law Office, of Topeka, argued the cause and was on the brief for appellants.

*James A. Brown,* assistant district attorney, argued the cause, and *Joan M. Hamilton,* district attorney, and *Carla J. Stovall,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Thomas L. and Constance L. Jimenez appeal the district court's denial of their motion seeking the return of three handguns seized from their residence during the execution of a search warrant.

## FACTS

The relevant facts may be summarized as follows. On July 30, 1996, and August 1, 1996, search warrants were executed on the defendants' Topeka residence by officers of the Topeka Police Department. Among the items seized were guns, currency, drug paraphernalia, methamphetamine, and marijuana.

On August 2, 1996, each defendant was charged in the Shawnee County District Court with one count of possession with intent to sell stimulant drugs (K.S.A. 1997 Supp. 65-4161[a]), a level 3 drug felony; one count of possession with intent to sell hallucinogenic drugs (K.S.A. 1997 Supp. 65-4162[a][3]), a level 3 drug felony; two counts of failure to pay the Kansas drug tax (K.S.A. 79-5208), a

level 10 felony; one count of possession of drug paraphernalia (K.S.A. 1997 Supp. 65-4152), a class A nonperson misdemeanor.

Thomas Jimenez pled guilty to and was convicted of one count of possession of methamphetamine with intent to sell (K.S.A. 1997 Supp. 65-4161[a]), a level 3 drug felony, and one count of failure to pay the Kansas drug tax (K.S.A. 79-5208), a level 10 felony. Having no prior convictions, Mr. Jimenez was sentenced to 36 months' probation.

Constance Jimenez pled guilty to and was convicted of one count of possession of narcotics (K.S.A. 1997 Supp. 65-4160), a level 4 drug felony, and one count of failure to pay the Kansas drug tax (K.S.A. 79-5208), a level 10 felony. Having no prior convictions, Mrs. Jimenez was sentenced to 24 months' probation.

Defendants each paid a drug tax in the amount of $10,915, thereby fully satisfying the tax warrant filed against them.

All seized items except for three guns, the drug paraphernalia, and controlled substances, were returned to the defendants after their cases were concluded. The three guns are described as: a .22 caliber Ruger semi-automatic pistol, a Smith and Wesson .357 caliber magnum revolver, and a Rohm .38 caliber revolver.

Defendants filed a motion seeking the return of the three guns, requesting that they be turned over to their attorney in partial satisfaction of attorney fees owed. At the hearing the State advised the court:

"We do not want to return the guns. It's our policy in the District Attorney's Office and the Topeka Police Department to vehemently oppose the return of guns, especially guns that were seized in connection with drug raids. In this case they were. The defendants can't even legally possess them because of their convictions."

The district court reviewed the relevant statutes and concluded that it had discretion as to the disposition of the guns. The court then concluded that it would exercise its discretion by ordering the guns destroyed. Defendants appeal therefrom.

## STATUTES

K.S.A. 1997 Supp. 22-2512 concerns the safekeeping and dis-

posal of various types of seized property. In pertinent part it provides:

"(2) When property seized is no longer required as evidence, it shall be disposed of as follows:

(a) Property stolen, embezzled, obtained by false pretenses, or otherwise obtained unlawfully from the rightful owner thereof shall be restored to the owner;

(b) money shall be restored to the owner unless it was contained in a slot machine or otherwise used in unlawful gambling or lotteries, in which case it shall be forfeited, and shall be paid to the state treasurer pursuant to K.S.A. 20-2801, and amendments thereto;

(c) property which is unclaimed or the ownership of which is unknown shall be sold at public auction to be held by the sheriff and the proceeds, less the cost of sale and any storage charges incurred in preserving it, shall be paid to the state treasurer pursuant to K.S.A. 20-2801, and amendments thereto;

(d) articles of contraband shall be destroyed, except that any such articles the disposition of which is otherwise provided by law shall be dealt with as so provided and any such articles the disposition of which is not otherwise provided by law and which may be capable of innocent use may in the discretion of the court be sold and the proceeds disposed of as provided in subsection (2)(b);

(e) *firearms, ammunition, explosives, bombs and like devices, which have been used in the commission of crime, may be returned to the rightful owner, or in the discretion of the court having jurisdiction of the property, destroyed or forfeited to the Kansas bureau of investigation as provided in K.S.A. 21-4206 and amendments thereto;*

(f) controlled substances forfeited under the uniform controlled substances act shall be dealt with as provided under K.S.A. 60-4101 through 60-4126 and amendments thereto;

(g) *unless otherwise provided by law, all other property shall be disposed of in such manner as the court in its sound discretion shall direct.*" (Emphasis added.)

K.S.A. 21-4206, referred to in K.S.A. 1997 Supp. 22-2512(2)(e), provides:

"(1) Upon conviction of a violation or upon adjudication as a juvenile offender for a violation of K.S.A. 21-4201, 21-4202, 21-4204 or 21-4219, and amendments thereto, and K.S.A. 21-4204a, any weapon seized in connection therewith shall remain in the custody of the trial court.

"(2) Any stolen weapon so seized and detained, when no longer needed for evidentiary purposes, shall be returned to the person entitled to possession, if known. *All other confiscated weapons when no longer needed for evidentiary purposes, shall in the discretion of the trial court, be destroyed, forfeited to the law enforcement agency seizing the weapon for use within such agency or traded to another law enforcement agency for that agency's use or forfeited to the Kansas*

*bureau of investigation for law enforcement, testing, comparison or destruction by the Kansas bureau of investigation forensic laboratory."* (Emphasis added.)

For the purpose of the application of these statutes to the issue in this appeal, the State concedes that the firearms in question were no longer needed as evidence in the case; that defendants were not convicted of violations involving K.S.A. 21-4201, 21-4202, 21-4204, 21-4219 and 21-4204a; that the firearms belong to the defendants; and, that the firearms were not stolen property. At oral argument, the State withdrew its contention that the firearms were used in the commission of crime.

## STATUTORY CONSTRUCTION

When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. *State v. Lawson*, 261 Kan. 964, 966, 933 P.2d 684 (1997).

Statutes for the seizure and destruction of property are penal and must be strictly construed against the State and in favor of the owner. They should not and cannot be enlarged or extended by courts with the aid of inferences, implication, and strained interpretations, but such actions must be fully justified by the statute. A statute's language cannot be enlarged beyond the ordinary meaning of its terms in order to carry into effect the general purposes for which the statute was enacted. *State v. Durst*, 235 Kan. 62, 66, 678 P.2d 1126 (1984) (interpreting K.S.A. 22-2512[4] [Ensley] [now K.S.A. 1997 Supp. 22-2512(2)(d)]); *State v. One Bally Coney Island No. 21011 Gaming Table*, 174 Kan. 757, 760, 258 P.2d 225 (1953).

## DISCUSSION

Defendants argue that only two statutes should be considered herein, and as neither is applicable to the facts herein, the court lacked discretion to order their guns destroyed contrary to their request for their transfer to their attorney. Specifically, they contend that as K.S.A. 21-4206 applies only to conviction of the crimes listed therein, and as K.S.A. 1997 Supp. 22-2512(2)(e) applies only to guns that have been used in the commission of crime, there is

no statutory authority granting discretion to the court in the disposition of the guns at issue herein. In summary, defendants do not argue that the district court abused its discretion in ordering the destruction of the firearms; rather, they argue that the district court has no discretion to exercise.

The State argues that, although K.S.A. 21-4206 and K.S.A. 1997 Supp. 22-2512(2)(e) are inapplicable under the facts herein, K.S.A. 1997 Supp. 22-2512(2)(g) is applicable and granted the court discretion to order the guns destroyed. The State also notes that, by virtue of their conviction, defendants are prohibited from possessing the guns (K.S.A. 1997 Supp. 21-4204[a][2]). As abuse of discretion is not an issue herein, we need not consider the proposed alternative disposition of turning the guns over to defendants' attorney as partial payment of his fees.

K.S.A. 21-4206 is, as the parties agree, inapplicable under the facts herein as none of the crimes to which it applies are involved herein. This brings us to K.S.A. 1997 Supp. 22-2512(2), the general statute governing the disposition of seized property.

K.S.A. 1997 Supp. 22-2512(2)(a) through (f) lists specific categories of seized property and states the appropriate range of disposition for each category thereof. The final subsection of the statute, K.S.A. 1997 Supp. 22-2512(2)(g), states that "unless otherwise provided by law, *all other property shall be disposed of in such manner as the court in its sound discretion shall direct.*" (Emphasis supplied.) As the guns herein are not included in any specific category enumerated in the statute, they are included in the general catchall final category designated in (g) as "all other property." Under the plain language of this subsection, the district court had the discretion to order the destruction of the guns herein.

## CONCLUSION

K.S.A. 1997 Supp. 22-2512(2)(g) granted discretion to the trial court to order the destruction of the seized guns under the facts herein.

The judgment of the district court is affirmed.