No. 82,470

IN RE: ONE 1993 CHEVROLET CORSICA.
VIN #1G1LT5345PY166194
(999 P.2d 927)

Opinion filed March 10, 2000.

*Terry J. Malone*, of Williams, Strobel, Malone, Mason & Ralph, P.A., of Dodge City, argued the cause, and was on the brief for appellant City of Dodge City.

*Michael A. Doll*, of Waite, Snapp & Doll, of Dodge City, argued the cause, and was on the brief for appellee Salvador Robles.

The opinion of the court was delivered by

LARSON, J.: In this appeal, the City of Dodge City (City) contends the trial court exceeded its authority and abused its discretion under K.S.A. 1997 Supp. 22-2512 in ordering the City to immediately return to Salvador Robles his 1993 Chevrolet Corsica free and clear of all towing costs and storage fees. We affirm the trial court.

The parties submitted an agreed statement of facts pursuant to Supreme Court Rule 3.05 (1999 Kan. Ct. R. Annot. 24), which, slightly summarized, is as follows:

Victoria Diaz Rodriguez owned the vehicle in question, a 1993 Chevrolet Corsica automobile (VIN #1G1LT5345PY166194). In May 1997 she took the car for repair to the La Curva body shop, which was owned by Cesar Torres. Shortly thereafter, Rodriguez left the state and did not return until September 1997.

When she returned to Dodge City, she discovered that the La Curva body shop was no longer in business and her car was missing.

On February 12, 1998, she located her car in the parking lot of a local restaurant and reported to the Dodge City Police Department that the car had been stolen. Salvador Robles was in possession of the car. He informed the police he had purchased the car from Torres for $3,500 sometime before Christmas in 1997. Robles received a certificate of title for the car from Torres which had purportedly been signed by the owner, Rodriguez. Rodriguez claimed her signature had been forged.

The Dodge City Police Department seized the car and had it towed to the storage lot of Southwest Towing for safekeeping. Southwest Towing charges a daily fee of $7.50 for storing automobiles.

Approximately 2 weeks after the car was seized as evidence, Rodriguez informed the Dodge City Police Department that the car had not been stolen, but had been sold to Robles by her estranged husband. At that time, Robles contacted the Dodge City Police Department and requested the return of his car. Robles was told that he must contact the county attorney to obtain the car, which Robles did on several occasions. Robles was informed by the county attorney that the court would have to determine the disposition of the car.

The county attorney continued to hold the car as evidence because Torres was under investigation for dealing in stolen vehicles and this car was involved in that investigation. A plea agreement was reached with Torres. He pled guilty to an auto theft charge not involving Robles' Corsica. After the plea agreement was approved by the district court and Torres was sentenced on September 8, 1998, the 1993 Chevrolet Corsica was no longer needed as evidence by the county attorney.

On August 13, 1998, the county attorney filed a motion requesting an order pursuant to K.S.A. 1997 Supp. 22-2512 to dispose of the car. At the hearing on September 30, 1998, Rodriguez disclaimed any ownership in the car, explaining that her estranged husband had sold the car without her knowledge, but she wished to ratify the sale of the car to Robles.

The court found Robles to be the rightful owner. The court ordered Dodge City to restore the car to Robles free of all towing

and storage fees and ordered the City to pay all towing fees and storage fees incurred as a result of the car being seized and held as evidence.

The City filed a motion requesting the court to set aside its order, which was denied at a hearing held October 28, 1998.

The City appeals contending: (1) K.S.A. 1997 Supp. 22-2512 does not contain the authority to determine who shall be responsible for fees incurred by lawfully seized property; (2) fees incurred may only be assessed against the rightful owner when the identity of that person is ascertained; and (3) the City is immune from liability under the Kansas Tort Claims Act. The case was transferred to this court pursuant to K.S.A. 20-3018(c).

We have de novo review of cases decided on the basis of stipulated facts. *Lightner v. Centennial Life Ins. Co.*, 242 Kan. 29, Syl. ¶ 1, 744 P.2d 840 (1987). Interpretation of a statute is a question of law over which this court exercises unlimited review. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *KPERS v. Reimer & Koger, Assocs., Inc.* 262 Kan. 636, 643-44, 941 P.2d 1321 (1997).

Because a question is raised as to whether or not the trial court abused its discretion, we restate our well-known rule that judicial discretion is abused only when the judicial action is arbitrary, fanciful, or unreasonable which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. *McKissick v. Frye*, 255 Kan. 566, 577, 876 P.2d 1371 (1994).

The statute involved in this appeal is K.S.A. 1997 Supp. 22-2512(2)(g) (now K.S.A. 1999 Supp. 22-2512[3][g]), which provides as follows:

"(2) When property seized is no longer required as evidence, it shall be disposed of as follows:

. . . .

(g) unless otherwise provided by law, all other property shall be disposed of in such manner as the court in its sound discretion shall direct."

The property in question is not covered by any of the other subsections of the statute and is, therefore, included in the general category of (2)(g) designated for all other property. See *State v. Jimenez*, 266 Kan. 59, 63, 966 P.2d 60 (1998). This places the disposition of the property within the trial court's "sound discretion."

Property lawfully in the hands of law enforcement officials for potential use as evidence in a criminal proceeding is regarding as being in *custodia legis* (legal custody). *In re Two Bose Speakers*, 17 Kan. App. 2d 179, Syl. ¶ 2, 181, 835 P.2d 1385, *rev. denied* 251 Kan. 938 (1992). In *State v. Mendenhall*, 18 Kan. App. 2d 380, 383, 855 P.2d 975, *rev. denied* 253 Kan. 862 (1993), it was held that once property is lawfully seized, a district court acquires in rem jurisdiction and retains such jurisdiction to return such property to the rightful owner, regardless of whether criminal proceedings are filed or an acquittal is obtained. In *Jimenez*, we recently stated: "Statutes for the seizure and destruction of property are penal and must be strictly construed against the State and in favor of the owner." 266 Kan. at 62.

The rule of liberal construction in favor of the owners of property seized is particularly appropriate where the owner is a victim or an innocent third party collaterally injured by the criminal wrongdoing of another. In *In re Two Bose Speakers*, the opinion quoted with approval the following statement from *State v. Antwine & McHenry*, 6 Kan. App. 2d 900, 903, 636 P.2d 208 (1981), *rev. denied* 230 Kan. 819 (1982): " '[T]he plight of victims and owners of physical evidence must . . . be given due consideration. It is tragedy enough that a person has been deprived of his property through some criminal act of another without such loss being compounded by any unnecessary delay in returning the property to its rightful owner.' " 17 Kan. App. 2d at 181. This statement is particularly applicable in the present case, for, as we were informed at oral argument, the car has still not been returned to Robles.

Because the statute does not expressly mention authority to determine payment of fees, the City contends that no such authority

exists. We do not interpret the statute as so limiting the trial court's authority.

When we consider legislative enactments, we look not only to the language used, but to the legislative background, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. See *State v. Le*, 260 Kan. 845, Syl. ¶ 3, 926 P.2d 638 (1996). The language of the applicable statute plainly shows the trial court's discretion to make orders disposing of the property "in its sound discretion." This necessarily included the authority to order the City to pay all of the storage fees and charges which it contractually incurred while the property was in its custody.

It is clear that principles of equity and reason support the trial court's decisions. Robles committed no wrongdoing and was found by the court to be a bona fide purchaser. After being deprived of the use of his vehicle for several months so that the State could use it as evidence, he requested that it be returned. It would be unjust to require him to additionally subsidize this deprivation by paying the costs of storage. He is an innocent party, and the trial court properly exercised its authority under the statute.

Finally, we agree with the trial court that the Kansas Tort Claims Act is not applicable to the issues herein. There is no claim that the property was unlawfully seized and no claim for damages against the City for negligence or tort. The Kansas Tort Claims Act is simply not applicable under the facts of this case.

The trial court did not exceed its authority or abuse its discretion, and all of its orders and rulings are affirmed.