NOT DESIGNATED FOR PUBLICATION

No. 114,618

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES T. CUMMINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed October 28, 2016. Affirmed.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., STANDRIDGE, J., and HEBERT, S.J.

*Per Curiam*: James Cummins appeals the district court's denial of his motion for release of property. Cummins claims that law enforcement's failure to strictly comply with all the procedural requirements of K.S.A. 2014 Supp. 22-2512 deprived the district court of jurisdiction to dispose of his property pursuant to the statute. In the alternative, he contends that the district court abused its discretion in ordering his weapons and ammunition forfeited under the statute. We reject Cummins' jurisdictional claim and find that the district court did not abuse its discretion in denying the release of the property.

1

On June 12, 2014, following an argument with his wife, Kimberly Cummins, Cummins entered his bedroom, retrieved a handgun, and confronted his wife and two children. While brandishing the weapon, and in the presence of his two children, Cummins threatened to kill Kimberly. During the course of the investigation of this incident, the City of Haysville Police Department seized as evidence a substantial amount of Cummins' personal property, including firearms and ammunition.

On June 17, 2014, the State charged Cummins with two counts of aggravated assault of Kimberly, one count stemming from the June 12, 2014, incident and one count stemming from a similar incident on February 23, 2014; two counts of aggravated endangerment of a child; and one count of misdemeanor domestic battery. On August 5, 2014, pursuant to plea negotiations, Cummins pled guilty to one count of aggravated assault and two counts of aggravated endangerment of a child in exchange for dismissal of the other charges. On December 17, 2014, the district court sentenced Cummins to a controlling term of 11 months' imprisonment but granted probation with community corrections for 24 months. The district court also ordered Cummins to continue with his mental health and substance abuse treatment.

On February 18, 2015, Cummins filed a motion seeking the release of his personal property that had been seized as evidence. In the motion, Cummins recognized that he was prohibited from possessing most of the property, which primarily consisted of firearms and ammunition. However, Cummins asked that the property be returned to his agent, Sarah Friedman, until he legally could possess the property.

The district court held a hearing on the motion on March 6, 2015. At the hearing, Cummins' attorney pointed to the fact that the firearms were worth approximately $10,000 and only one of the guns was actually used in the crime. While acknowledging that Cummins had mental health issues, his attorney emphasized that Cummins had completed 3 months of probation without any issues. The attorney for the City of

2

Haysville argued that because the crime was a domestic violence case and because of Cummins' mental health issues, the district court should not return any of the guns to Cummins or his agent.

The district court took the matter under advisement and ultimately granted Cummins' motion in part. Specifically, the district court ordered the return of Cummins' personal property other than firearms and ammunition, but the district court ordered the firearms and ammunition to be forfeited pursuant to K.S.A. 2014 Supp. 22-2512. Cummins timely appealed the district court's decision.

On appeal, Cummins initially argues that the district court lacked jurisdiction over his personal property because law enforcement failed to strictly comply with all of the procedural requirements of K.S.A. 2014 Supp. 22-2512(a). That statute provides that when property is seized, a receipt must be provided to the person arrested describing the property, and a copy of the receipt must be filed with the district court. Cummins contends that there is no indication that any receipt was ever filed with the district court, so the court lacked jurisdiction to dispose of the property pursuant to the statute.

The State contends that nothing in K.S.A. 2014 Supp. 22-2512 indicates "or even implies" that jurisdiction is contingent on a copy of the receipt being filed with the district court. Noting that Cummins provides no authority for his argument that the district court was without jurisdiction, the State claims that the issue was inadequately briefed and thus abandoned. Alternatively, the State asserts that even if Cummins' argument is not abandoned, the caselaw on the subject reveals that a failure to comply with all procedural requirements of K.S.A. 2014 Supp. 22-2512 is not a "fatal defect."

Although the general rule is that an issue not raised in district court is not preserved for appeal, jurisdictional issues can be raised for the first time on appeal. *State v. Huff*, 33 Kan. App. 2d 942, 944, 111 P.3d 659 (2005). Whether jurisdiction exists is a

question of law over which an appellate court has unlimited review. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). Moreover, interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Cummins provides no legal authority for his contention that because the City of Haysville did not strictly follow the procedures set forth in K.S.A. 2014 Supp. 22-2512(a), the district court lacked jurisdiction to dispose of the property pursuant to the statute. Cummins' brief contains the conclusory statement that because the City of Haysville failed to file a receipt for the personal property with the district court, "[t]his situation rendered the district court without jurisdiction to lawfully order a forfeiture of that property." Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. See *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

In any event, we find no merit in Cummins' jurisdictional claim. "'[T]he district court retains in rem jurisdiction over property held *in custodia legis*.'" *State v. Mendenhall*, 18 Kan. App. 2d 380, 383, 855 P.2d 975 (1993). Thus, once property is lawfully seized pursuant to K.S.A. 2014 Supp. 22-2512, the district court acquires and retains jurisdiction to order its disposition. See *Mendenhall*, 18 Kan. App. 2d at 383. There is nothing in the statute that indicates that a failure to file a receipt prevents the property from being "validly seized" in order to deprive the district court of jurisdiction over the disposition of the property. See K.S.A. 2014 Supp. 22-2512(a).

Moreover, as the State points out, our courts have ruled repeatedly that the failure to properly inventory seized evidence or provide a copy of the receipt to the owner is insufficient to warrant suppression of the evidence. See, *e.g.*, *State v. Holloman*, 240 Kan.

4

589, 595-96, 731 P.2d 294 (1987) (no suppression of evidence even though the inventory of items seized was given to defendant's mother, instead of defendant, in violation of K.S.A. 22-2512); *State v. Forsyth*, 2 Kan. App. 2d 44, 47, 574 P.2d 241 (1978) (failure to give copy of receipt to defendant is a technical irregularity under K.S.A. 22-2512, and evidence seized thereunder is admissible unless defendant demonstrates prejudice). By extension, if a failure to strictly comply with the procedural provisions of K.S.A. 2015 Supp. 22-2512 is insufficient to warrant suppression of seized evidence, then a failure to provide a copy of the receipt to the district court would not deprive the court of jurisdiction.

Turning to the merits of the appeal, Cummins asserts that even if the district court had jurisdiction over his property, it abused its discretion when it forfeited his firearms. First, Cummins notes that only one of the seized firearms was actually used in the commission of his crime. Second, Cummins argues that because he was not asking that his firearms be returned to him, but rather to his agent, and because the firearms were valuable, the district court abused its discretion when it denied his request to return them.

The State argues that the district court did not abuse its discretion in ordering Cummins' firearms forfeited because "[i]t cannot be said that no reasonable person would agree with the district court's" decision not to return them. In support of this contention the State explains that this was a domestic violence case, Cummins has mental health and substance abuse issues, and he had previously threatened to kill his wife while holding a gun in front of his children.

Both parties agree that we review the district court's decision for an abuse of discretion. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion.

5

*State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* ___ U.S. ___ (October 3, 2016), *disapproved on other grounds by State v. Cheever*, 304 Kan. 861, 375 P.3d 979 (2016).

When denying Cummins' request for the return of his firearms, the district court relied on K.S.A. 2014 Supp. 22-2512(b)(6)(A)(i), (ii), (iii), and/or (b)(6)(B). The reference to section (b)(6)(A) and (B) appears to have been a typographical error, and instead the district court meant section (c)(6), which applies to the disposition of any weapons or ammunition over which the court has jurisdiction. See K.S.A. 2014 Supp. 22-2512(c)(6). The applicable portion of the statute reads:

> "(c) When property seized is no longer required as evidence, it shall be disposed of as follows:
>
> . . . .
>
> (6)(A) except as provided in subsections (c)(6)(B) and (d), any weapon or ammunition, in the discretion of the court having jurisdiction of the property, shall be:
>
> (i) Forfeited to the law enforcement agency seizing the weapons for use within such agency, for sale to a properly licensed federal firearms dealer, for trading to a properly licensed federal firearms dealer for other new or used firearms or accessories for use within such agency or for trading to another law enforcement agency for that agency's use;
>
> (ii) forfeited to the Kansas bureau of investigation for law enforcement, testing or comparison by the Kansas bureau of investigation forensic laboratory;
>
> (iii) forfeited to a county regional forensic science center, or other county forensic laboratory for testing, comparison or other forensic science purposes; or
>
> . . . .
>
> (B) Except as provided in subsection (d), any weapon which cannot be forfeited pursuant to subsection (c)(6)(A) due to the condition of the weapon, and any weapon which was used in the commission of a felony . . . shall be destroyed." K.S.A. 2014 Supp. 22-2512(c)(6)(A)-(B).

When the district court rules on a contested matter, it is obligated to provide adequate findings of fact and conclusions of law on the record explaining the court's decision. *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013). In order to preserve the issue for appeal, however, a party must object to inadequate findings and conclusions to give the district court the opportunity to correct any alleged inadequacies. *Fischer*, 296 Kan. at 825. If no objection is made, an appellate court can presume the district court found all facts necessary to support its judgment. *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015). If, however, the record does not support such a presumption and the absence of factual findings and conclusions of law prevents meaningful review, an appellate court can order a remand. *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012).

Here, the district court made no findings of fact or conclusions of law either on the record or when ruling on Cummins' motion; instead, the district court ruled via a minute sheet order, which provided:  "Pursuant to KSA 22-2512[c](6)(A), the following property [weapons and ammunition] is forfeited pursuant to subsections [c](6)(A)(i), (ii), (iii), and/or [c](6)(B)." Cummins, however, failed to object to the absence of any findings of fact or conclusions of law. Thus, this court can presume that the district court found all necessary facts to support its decision to order Cummins' weapons forfeited; moreover, the facts in the record are sufficient to conduct a meaningful appellate review and support the presumption that the district court found all necessary facts. See *O'Brien*, 294 Kan. at 361.

The fact that only one of Cummins' firearms was used in the commission of the crime is not dispositive as to whether the remaining weapons should be returned to Cummins or his agent. As the State points out, K.S.A. 2014 Supp. 22-2512(c)(6)(B) does not require that the weapons or ammunition be used in the commission of the crime in order to be subject to forfeiture. See also *State v. Jimenez*, 266 Kan. 59, 63, 966 P.2d 60 (1998) (court held that under language of prior statute, district court had discretion to

7

order destruction of firearms not used in commission of the crime). Also, as the State points out, the general catchall provision in K.S.A. 2014 Supp. 22-2512(c)(8) authorizes the district court to dispose of "all other property" in such manner as the court in its sound discretion shall direct.

At the hearing, Cummins' history of mental illness and substance abuse was discussed by both parties. Cummins' attorney acknowledged that Cummins suffered from mental health issues and was continuing with his mental health and substance abuse treatment. The attorney for the City of Haysville stressed the fact that this was a domestic violence case. Moreover, Cummins' history of domestic violence as well as his mental health issues would likely prevent him from legally possessing the firearms in the future. Under these circumstances, a reasonable person could find that returning a large number of firearms and ammunition to Cummins, or his agent, would be an unwise decision. Thus, we conclude the district court did not abuse its discretion in ordering Cummins' weapons and ammunition forfeited under the statute.

Affirmed.